

Brian Pete
77 Water Street, Suite 2100
New York, New York 10005
Brian.Pete@lewisbrisbois.com
Direct: 212.232.1363

October 18, 2017                                                                                          File No. 40314.03

**VIA ECF**

Hon. Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

     Re:   *Al Pereira v. Highsnobiety Incorporated*
            Case No. 17-Cv-7261

Dear Judge Carter:

     We represent Defendant Highsnobiety Incorporated ("Highsnobiety") in the above-referenced matter. In accordance with Rule III(A)(2) of Your Honor's Individual Rules, we write to request a pre-motion conference in contemplation of a proposed motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), *Fed.R.Civ.P.* Plaintiff's Complaint contains one cause of action for copyright infringement in violation of 17 U.S.C. §§ 106, 501. Plaintiff alleges he is the valid copyright holder of the photograph annexed to the Complaint as Exhibit A, bearing Registration Number VA 2-065-045.[1] Highsnobiety allegedly committed copyright infringement by using the photograph in an article on its website. The article is annexed as Exhibit B to the Complaint. The article is dated March 2, 2016.

     The Complaint is ripe for dismissal at the initial pleading stage as Highsnobiety is not liable for copyright infringement as its use of the subject photograph constitutes non-infringing fair use. The Copyright Act provides that "the fair use of a copyrighted work . . . for purposes such as

---

[1] Conspicuously absent from the Complaint is proof (or a true and correct copy) of the actual Copyright Registration or details as to the registration date, or the publication date or creation date of the photo at-issue. A review of the registration on the website of the United States Copyright office reveals that it was only registered in July of this year despite being first published in 1993. As such, this action is predicated on Plaintiff's highly dubious claim of a valid copyright that he did not register until 24 years after publication.

Hon. Andrew L. Carter, Jr., U.S.D.J.
October 18, 2017
Page 2

criticism, comment, news reporting, teaching ..., scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107.  As a defense to a claim of copyright infringement, the fair use doctrine is "designed primarily to balance 'the exclusive rights of a copyright holder with the public's interest in dissemination of information affecting areas of universal concern, such as art, science and industry." *Dallas Cowboy Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir.1979) (*quoting Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91, 94 (2d Cir.1977), *cert. denied*, 434 U.S. 1014 (1978)). The fair use doctrine also represents a critical First Amendment safeguard "designed to prevent copyright law from unduly burdening free speech." *Eldred v. Ashcroft*, 537 U.S. 186, 221 (2003).

Where, as here, it is evident based on the Complaint that the alleged infringement falls within the fair use exception, dismissal under Rule 12(b)(6) is appropriate. *See TCA Television Corp. v. McCollum*, 15-Civ-4325, 2015 WL 9255341, at *8 (S.D.N.Y. Dec. 17, 2015) ("In such circumstances, the only two pieces of evidence needed to decide the question of fair use . . . are the original version and the allegedly infringing work.") (*quoting BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F.Supp. 3d 499, 505 (S.D.N.Y 2015).

In determining whether a challenged use constitutes fair use, the factors to be considered include: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for non-profit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107.

Highsnobiety is an online news-related provider.  Per its website, it is an "online publication covering forthcoming trends and news in fashion, art, music, and culture, all on one platform." (See www.highsnobiety.com).  On or about March 2, 2016, the Defendant published an approximately nine-page long culture-focused article entitled *How The Black Panthers Influenced Today's Music & Fashion*. (See Compl., Ex. B)  The article makes reference to numerous musicians and entertainers in today's era that have exercised artistic expression (in both music in fashion) in paying tribute to a 1960s socio-political group called the Black Panther Party, excerpts of which include without limitation:

• "From Kendrick Lamar's performance at the 58th Grammys to Beyonce's "Formation" video, we've seen a resurgence of the ideas championed by the Black Panther Party in popular culture."  (Ex. B, p. 3)

• "Now, on the heels of Beyonce invoking the Panthers' legacy at Super Bowl 50, comes Stanley Nelson Jr's documentary:  Black Panthers: Vanguard of the Revolution."  (Ex. B., p. 3)

Hon. Andrew L. Carter, Jr., U.S.D.J.
October 18, 2017
Page 3

• "[T]he Panthers were not only heavily influential in the political sphere, they also impacted the art and culture of the era, and the revolutionary vibrations of their powerful rhetoric were felt well into the '90s, and beyond." (Ex. B., p.3)

• "Meanwhile, groups [musicians or hip-hop artists] like Public Enemy and KRS-One made their mark on the East Coast, keeping alive the legacy of the Panthers with music that espoused the party's core values." (Ex. B., p. 7)

The subject photo does not appear until page 7 of the article (Ex. B. at p. 8) and is one of 10 photos of other hip hop artists, including Beyonce, Public Enemy, and KRS-One. The photo is a still picture of three musicians or hip hop artists – namely Christopher Wallace a/k/a The Notorious B.I.G. (deceased), Tupac Shakur (deceased) and Reginald "Reggie" Noble a/k/a Redman. (Compl. at ¶7; Ex. B at p. 7) The article identifies the context of the photo with the following commentary:

> "One emcee [artist] that is often celebrated for his ability to embody several of the mythologies associated with the Panther party is Tupac Shakur. Perhaps his success came from the fact that their influence ran deeper and was much more personal to him that it had been to some of his predecessors. Afeni Shakur, Tupac's mother, was a prominent member and organizer in the Black Panther Party. Assata Shakur, a woman whom Tupac referred to as his auntie, was another prominent member of the party . . . Considering this history it's little wonder that female empowerment was an issue dear to Tupac. And the influence of the Panthers, specifically his mother and aunt, is evident in a musical narrative that promotes everything from revolutionary ideas and near-militant resistance to the sacredness of the black woman moved through his music. (Ex B. at p.8)

On the face of the Complaint, and specifically the article annexed as an Exhibit thereto, the photo was complementing the text of the news story in a usual and customary way. As such, the character and purpose of Highsnobiety's use of Plaintiff's claimed copyrightable work (i.e., photo) falls well within the bounds of responsible news reporting on a matter of legitimate public interest (i.e., a newsworthy story regarding a black socio-political group's influence in culture and art). The photo was informational in nature and depicted hip hop artists, one of whose family relatives were members of the Black Panther Party. The photo itself is not necessarily imaginatively or creatively unique per se and nothing in the Complaint suggests that the use has affected the fair market value

Hon. Andrew L. Carter, Jr., U.S.D.J.
October 18, 2017
Page 4

of Plaintiff's photo or that Highsnobiety received any profit or compensation for having incorporated the photo into the article as a whole.[2]

It is respectfully submitted that this preview of the fair use defense sets forth sufficient grounds for Highsnobiety to fully brief the issue in support of dismissal. Early resolution of this matter on a motion to dismiss would further the goals of judicial economy and efficiency by disposing of a case that should have never been filed.

Respectfully,

*Brian Pete*

Brian Pete for
LEWIS BRISBOIS BISGAARD & SMITH LLP

BP

cc: Richard P. Liebowitz, Esq. (*via ECF and e-mail*)

---

[2] While there is no liability here in light of the fair use defense, any damages in the finding of liability would be a futile exercise. The photo was not used in a commercial advertising manner in connection with the sale of a product, and is widely available on the internet. Plaintiff has failed to plead any facts to support a claim for actual damages.