Liebowitz Law Firm, PLLC
Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

October 23, 2017

<u>VIA ECF</u>

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Rm 6435
New York, New York 10007

Re:   <u>*Al Pereira v. Highsnobiety Inc.*, Case No. 17-cv-7261(ALC)</u>

Dear Judge Carter:

We represent Plaintiff Al Pereira in the above-captioned case and write in response to Defendant Highsnobiety Inc. ("Defendant")'s request for a pre-motion conference to file a premature and frivolous motion to dismiss under Rule 12(b)(6) based on the affirmative defense of fair use.

Plaintiff's one-count complaint for copyright infringement alleges that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. ¶ 106 by appropriating his iconic photograph of rapper Tupac Shakur ("the Photograph") without Plaintiff's consent or authorization. Even though the Photograph is readily available to be licensed, Defendant argues that it can freely exploit Plaintiff's work because the subject matter depicted therein – Tupac – is "newsworthy." Of course, under the standard proposed by Defendant, no photograph of any celebrity would ever be subject to copyright protection. For the following reasons, the Court should deny Defendant's motion for a pre-motion conference.

**A.    The Proposed Motion Should Be Deferred Until the Close of Fact Discovery**

Plaintiff respectfully submits that in the absence of a factual record, it is premature for the Court to adjudicate the Fair Use defense at this juncture.

<u>First</u>, pre-discovery motions based on the fair use defense are highly disfavored. Indeed "there is a dearth of cases granting such a motion" at a Rule 12 motion to dismiss stage. *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 505 (S.D.N.Y. 2015). This is because the determination of fair use is a "mixed question of fact and law" which necessitates "an open-ended and context-sensitive inquiry." *Cariou v. Prince*, 714 F.3d 694, 704–05 (2d Cir. 2013). The fair use defense is so fact-sensitive that the Second Circuit has instructed district courts to be "cautious" in granting summary judgment motions on this issue. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991). In this Circuit, "defenses such as the fair use



doctrine involve a more detailed analysis of the facts at issue and are best resolved by summary judgment motions or adjudication at trial." *E. Gluck Corp. v. Rothenhaus*, 585 F. Supp. 2d 505, 514 (S.D.N.Y. 2008).

Second, there are genuine issues of disputed fact which preclude summary disposition of the fair use defense at this stage. For example, Plaintiff is entitled to discovery on the following issues: (a) whether Defendant is a for-profit entity which generated advertising or subscription revenues from exploitation of the work; (b) whether Defendant acted in bad faith by failing to provide credit to Plaintiff or by failing to consult an experienced copyright attorney prior to publishing the infringing content; (c) whether the Photograph is creative in nature based on Photographer's testimony as to the creative decisions made (i.e., lighting, posing, timing); (d) whether Defendant had alternative options available that did not involve taking Plaintiff's Photograph, such as licensing another photograph of Tupac from a third party stock photo agency; (e) whether Plaintiff suffered actual losses by virtue of Plaintiff's unlawful appropriation; (f) whether Defendant's website occupies a market that Plaintiff could be reasonably expected to exploit.

Third, this is not a complex case. Factual discovery in this one-count action can be completed within 3-4 months and will likely involve just one round of written discovery and 2-3 depositions. Accordingly, it would be a waste of judicial and party resources to brief the fair use defense on Rule 12 when the same defense can be raised on Rule 56 several months from now.

B.   **On its Face, the Fair Use Defense is Objectively Unreasonable**

To establish their defense of Fair Use, Defendant primarily argues that its unauthorized commercial exploitation of the Photograph was "fair" because Tupac is "newsworthy." This argument fails for several reasons.

First, under Second Circuit law, "[a] news organization . . . may not freely copy creative expression solely because the expression itself is newsworthy." *Swatch Group Management Services Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 85 (2d Cir. 2014); *see also Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 557 (1985) ("The promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work].");  *Psihoyos v. National Examiner*, No. 97 Civ. 7624(JSM), 1998 WL 336655, at *6 (S.D.N.Y. June 22, 1998) ("the mere fact that the photo depicts a newsworthy item does not justify copying it entirely without permission.").

Second, there is no transformation of the Photograph itself. For example, defendant has not materially altered the "composition, presentation, scale, color palette, and media" originally used by Plaintiff. *Cariou*, 714 F.3d at 706. In the absence of any aesthetic alterations to the original work, Defendant cannot plausibly claim that its secondary use is transformative. *See North Jersey Media Group, Inc. v. Pirro*, 74 F.Supp.3d 605, 615 (S.D.N.Y. 2015) (denying defendant's summary judgment motion where an unaltered original photograph was juxtaposed with another photograph and re-posted on Facebook, along with a comment, because "[t]he



[original photograph] [was] the clearly predominant feature of the [secondary image]"); *see also McClatchey v. Associated Press*, No. 3:05-CV-145, 2007 WL 776103, at *3 (W.D. Pa. Mar. 9, 2007) (no fair use where defendant did not change the photograph in any way).

Third, rather than modifying the Photograph itself, Defendant has simply changed the format in which it appears by cutting and pasting a full-scale copy of Plaintiff's work into Defendant's article. As a matter of law, changing the format of an otherwise unaltered image is not transformative. *See Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F.Supp.2d 537, 551 (S.D.N.Y. 2013) (in the context of news reporting, "use of copyrighted material that merely repackages or republishes the original is unlikely to be deemed a fair use and a change of format, though useful, is not transformative.") (internal quotations omitted); *see also Monge v. Maya Magazine, Inc.*, 688 F.3d 1164, 1178 (9th Cir. 2012) (rejecting fair use where individual images were reproduced in its entirety without any cropping or alteration).

Fourth, Defendants' article does not provide any commentary or criticism directed at the artistic merits of the Photograph. Instead, Defendant does nothing more than describe what the Photograph depicts, i.e., Tupac. *See Psihoyos*, 1998 WL 336655 at *4-5 (rejecting fair use where defendant was simply reporting on the subject of the photograph itself).

Fifth, there is evidence that Defendant acted in bad faith because it removed the infringing content from its website after this lawsuit was filed. A defendant must take "reasonable steps to assure fair use before infringement," *Bridgeport Music, Inc. v. *1166 UMG Recordings, Inc.,* 585 F.3d 267, 279 (6th Cir. 2009), not as a "post-hoc rationalization concocted to skirt liability." *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584 n. 9 (6th Cir. 2007). If Defendant held a good faith belief that its use of the Photograph was fair under existing copyright law, then it would not have removed the Photograph from its website.

Sixth, the Photograph is creative in nature. *See Psihoyos*, 1998 WL 336655 at *4 (even though photograph was informative, court found work was creative because of photographer's choice of background and positioning of a car); *Monge,* 688 F.3d at 1179 ("While we do not discredit [plaintiff]'s legitimate role as a news gatherer, its reporting purpose could have been served through . . . other sources rather than copyrighted photos.");

Seventh, Defendant's use of the Photograph was not necessary because it could have obtained alternate photographs of Tupac. *Psihoyos*, 1998 WL 336655, at *4 (Defendant "was simply using the [plaintiff's] photo to save itself the expense of obtaining its own photo.")

Based on the foregoing, Defendant's motion for a pre-motion conference should be DENIED. Any dispositive motion practice based on the fair use defense should be deferred until after the close of factual discovery.

Respectfully submitted,

**/richardliebowitz/**
Richard Liebowitz