UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AL PEREIRA,

                                        Case No. 17-cv-7261 (ALC)

                  Plaintiff,

     -against-

                                **ANSWER**

HIGHSNOBIETY INCORPORATED,

                  Defendant.
------------------------------------------------------------X

       Defendant Highsnobiety Incorporated ("Defendant" or "Highsnobiety"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint herein, states as follows:

## NATURE OF THE ACTION

       1.     Admits that Plaintiff seeks relief under the cited statutes, and denies the remaining allegations contained in paragraph 1.

## JURISDICTION AND VENUE

       2.     Admits that paragraph 2 invokes this Court's jurisdiction under the cited statutes, and refers all questions of law to the Court.

       3.     Admits that Defendant transacts business in the State of New York, and refers all questions of law to the Court.

       4.     Admits that paragraph 4 invokes this Court's venue under the cited statutes, and refers all questions of law to the Court.

## PARTIES

       5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 5.

6. Admits that Defendant is registered with the New York Department of State, and denies the remaining allegations contained in paragraph 6.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 7, and refers to Exhibit A for the contents thereof.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 8.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 9, especially since Plaintiff fails to identify a true and correct copy of the referenced copyright registration.

**B.     Defendant's Infringing Activities**

10. Admits that the referenced article was posted at the referenced web address on or about March 2, 2016, but denies having knowledge or information sufficient to form a belief as to the truth of the allegation stated in paragraph 10 that the referenced article featured the Photograph, and refers to Exhibit B for the contents thereof.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 11.

## FIRST CLAIM FOR RELIEF

12. Repeats each and every allegation contained in paragraphs 1 through 11 as if set forth herein.

13. Denies the allegations stated in paragraph 13.

14. Denies the allegations stated in paragraph 14.

15. Denies the allegations stated in paragraph 16.

16. Denies the allegation stated in paragraph 16.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. The claims asserted in the Complaint constitute non-infringement.

3. The alleged copyrighted work asserted in the Complaint lacks originality or sufficient creativity pursuant to Section 102 of the Copyright Act, 17 U.S.C. § 102(a).

4. The claims asserted in the Complaint are barred under the fair use defense.

5. The claims asserted in the Complaint are barred under the de minimis use defense.

6. The claims asserted in the Complaint are barred under the transformative use doctrine.

7. The claims asserted in the Complaint are barred under the First Amendment as non-commercial speech.

8. The claims asserted in the Complaint are barred under the First Amendment as newsworthy and communicated a message related for commentary, criticism and informational purposes.

9. The Complaint is barred by any applicable statute of limitations under the Copyright Act, 17 U.S.C. § 507(b).

10. Plaintiff forfeited any alleged copyrights in materials referred to in the Complaint by its failure to affix notices of its alleged copyrights.

11. Plaintiff forfeited any alleged copyrights in the materials referred to in the Complaint under the doctrine of copyright misuse.

12. Plaintiff does not possess a valid copyright.

13. The claims asserted in the Complaint are barred under the "safe harbor" provision as provided for in 17 U.S.C. § 512.

14. Plaintiff is not entitled to recover statutory damages or attorney's fees as the alleged copyrighted work was registered more than three months after the alleged infringement.

15. Plaintiff is not entitled to a presumption of a valid copyright as the alleged copyrighted work was registered more than five years after publication.

16. The claims asserted in the complaint are barred under the innocent infringer defense.

17. The alleged copyrighted work was not properly registered with the United States Copyright Office.

18. this is not an affirmative defense; more so a factual distinction/argument Plaintiff has failed to join all necessary parties.

19. Plaintiff has suffered no damages or pecuniary loss attributable to actionable conduct by Defendant.

**WHEREFORE**, Defendant Highsnobiety Incorporated demands that judgment be entered as follows

1. Dismissing the Complaint in its entirety with prejudice;

2. Denying all relief requested of Plaintiff;

3. Awarding costs and expenses in connection with this action, including reasonable attorneys' fees; and

4. Granting such other and further relief as is just and proper.

Dated: New York, New York
December 11, 2017

                LEWIS BRISBOIS BISGAARD & SMITH LLP

                By:   /s/ Brian Pete
                      Brian Pete
                      *Attorneys for Defendant*
                      77 Water Street, Suite 2100
                      New York, New York 10005
                      212-232-1300
                      Brian.Pete@lewisbrisbois.com

To: Richard P. Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
516-233-1660

## **CERTIFICATE OF SERVICE**

Brian Pete hereby certifies that the within answer was filed and served on counsel for the plaintiff by ECF on December 11, 2017.

/s/ Brian Pete
Brian Pete